**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL DOLAN and DEBORAH DOLAN, )<br>)<br>Plaintiffs )<br>)<br>vs. )<br>)<br>AIRTRAN AIRWAYS, INC., a foreign corporation, )<br>)<br>Defendant. ) | No. 1:07-cv-06586<br>Judge Marvin E. Aspen |

**DEFENDANT AIRTRAN AIRWAYS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AT LAW**

NOW COMES Defendant, AIRTRAN AIRWAYS, INC., ("AirTran"), by and through its attorneys, ADLER MURPHY & McQUILLEN LLP, and for its Answer and Affirmative Defenses to the Plaintiffs' Complaint at Law states as follows:

**COUNT I**

1. AirTran admits the allegations in paragraph 1.

2. AirTran admits that it operated flights through the Atlanta, Georgia Airport, but it lacks sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations contained in paragraph 2; and, therefore, AirTran denies all such allegations.

3. AirTran admits that Plaintiff Michael Dolan was a fare-paying passenger and was flying on flight number 24 from Atlanta Airport to Midway Airport in Chicago, Illinois. In terms of the remaining allegations in paragraph 3, AirTran lacks sufficient information

or knowledge to form a belief as to the truth of the allegations; and, therefore, American denies all such remaining allegations.

4. AirTran lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 4; and, therefore, AirTran denies all such allegations.

5. AirTran denies the allegations in paragraph 5, including subparts (a) – (d).

6. AirTran denies the allegations in paragraph 6.

## COUNT II

1-6. AirTran repeats and reasserts its answers in paragraphs 1-6 of Count II as though fully set forth herein.

7. AirTran lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 7; and, therefore, AirTran denies all such allegations.

8. AirTran denies the allegations in paragraph 8.

## AFFIRMATIVE DEFENSES

In further response to the Complaint at Law, AirTran hereby raises, asserts, and preserves the following Affirmative Defenses:

### First Affirmative Defense – Contributory Negligence

1. Before and at the time of the occurrence alleged in the Plaintiffs' Complaint at Law, Plaintiff Michael Dolan was under a duty to use ordinary care for his own safety and welfare.

2.      If Plaintiff Michael Dolan was injured and sustained damages as alleged in the Complaint at Law, then said injuries and damages were sustained as a direct and proximate result of his breach of this duty.

3.      The actions of Plaintiff Michael Dolan are the sole, actual, and proximate cause of any injuries allegedly suffered by him as a result of the acts alleged in the Complaint at Law.

4.      As a result, AirTran is not responsible for any damages as a result of Plaintiff Michael Dolan's fall.

### Second Affirmative Defense – Comparative Negligence

1.  Before and at the time of the occurrence alleged in the Plaintiffs' Complaint at Law, Plaintiff Michael Dolan was under a duty to use ordinary care for his own safety and welfare.

2.  If Plaintiff Michael Dolan was injured and sustained damages as alleged in the Complaint at Law, then said injuries and damages were sustained as a direct and proximate result of his breach of this duty.

3.  The actions of Plaintiff Michael Dolan are responsible at least in part for the injuries, which were allegedly incurred as a result of the events stated in the Complaint at Law.

4.  If this Court determines that the Plaintiffs are entitled to receipt of damages as a result of the actions claimed in the Complaint at Law, said award should be reduced by the percentage of fault that the finder of fact determines is properly attributable to Plaintiffs.

### Third Affirmative Defense – Offset of Damages

AirTran is entitled to an offset for all amounts paid by any other party or non-party as a consequence of the events alleged by the Plaintiffs in the Complaint at Law.

### Fourth Affirmative Defense – Unknown Third Party

1. The Plaintiffs' Complaint at Law is barred as to AirTran because any damages suffered by the Plaintiffs resulted from the acts and/or omissions of other parties or nonparties over whom AirTran had no control or right of control.

2. Alternatively, the acts and/or omissions of a third party for which AirTran is not responsible and over which AirTran has no control or right of control were the sole proximate cause of the events described in the Complaint at Law.

3. As a result, AirTran is not responsible for any damages as a result of the Plaintiff Michael Dolan's fall.

### Fifth Affirmative Defense – Proximate Cause

1. Any actions or alleged failures by AirTran were not a proximate cause of the Plaintiffs' injuries, as a matter of law.

2. As a result, AirTran is not responsible for any damages as a result of the Plaintiff Michael Dolan's fall.

### Sixth Affirmative Defense – No Control Over Area

1. Before and at the time of the occurrence alleged in the Plaintiffs' Complaint at Law, AirTran did not control, manage, or maintain the subject area where the alleged occurrence happened.

2. As a result, AirTran is not responsible for any damages as a result of the Plaintiff Michael Dolan's fall.

## JURY DEMAND

Defendant, AIRTRAN AIRWAYS, INC. demands trial by jury.

## CONCLUSION

WHEREFORE, Defendant, AIRTRAN AIRWAYS, INC., by and through its attorneys, ADLER MURPHY & McQUILLEN LLP, respectfully requests that the Court enter judgment in its favor and against the Plaintiffs, and for such further relief as the Court, in its discretion, deems just and proper.

Dated: November 27, 2007                    **AIRTRAN AIRWAYS, INC.**

                                             By:   /s/ Lisa A. Iadevaia
                                                   One of its Attorneys

Michael G. McQuillen (Atty. No. 6188166)
Mark S. Susina (Atty. No. 6201998)
Lisa A. Iadevaia (Atty. No. 6286454)
ADLER MURPHY & McQUILLEN LLP
One North LaSalle Street
Suite 2300
Chicago, Illinois 60602
Telephone: (312) 345-0700
Facsimile: (312) 345-9860